The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

(1) ALAN GOMEZ-MARENTES (aka GUAJAS),
(2) JUAN ANTONIO GONZALEZ-CARRILLO (aka TOTO),
(3) LUIS ARTURO MAGANA-RAMIREZ (aka GUERO),
(4) JOSE ELIAS BARBOSA (aka PRIMO, aka PRIETO),
(5) JOSE DANIEL ESPINOZA (aka APACHE),
(6) ESTEFHANY COREA-MENDOZA (aka SICARIA),
(7) ADRIAN IZAZAGA-MARTINEZ,
(8) JORGE MONDRAGON,
(9) BENJAMIN FUENTES (aka CHANCHAS),
(10) LUIS ZAVALZA-SANCHEZ (aka FLAKO),
(11) ALYSHA JONES (aka MANDY),
(12) ARMANDO FIERRO-PONCE,
(13) AMANDA MEYER,
(14) MICHAEL ANDREW WOOD,
(15) LUIS CASTILLO-BARRAGAN,
(16) EFRAIN LUNA-RODRIGUEZ,
(17) JULIAN PINEDA CASILLAS,

CASE NO. CR20-092 JCC

**UNITED STATES' MOTION TO CONTINUE TRIAL DATE AND MEMORANDUM IN SUPPORT**

NOTING DATE: August 28, 2020

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(18) BLANCA MEDINA,
(19) RUTH MELISA GOMEZ-MARENTES, and
(20) ADRIAN SIMS,

Defendants.

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Amy Jaquette and Marci L. Ellsworth, Assistant United States Attorneys for said District, files this motion to continue the trial date, presently set for September 21, 2020. Through this memorandum, the United States seeks to provide the Court with background on the allegations made by the government, the status of discovery, and the government's position on a realistic trial date.

## I. PROCEDURAL HISTORY

On July 23, 2020, the Grand Jury returned an Indictment under seal charging 19 of the defendants named herein with Conspiracy to Distribute Controlled Substances (heroin, and methamphetamine), and charging a subset of those same defendants with Possession with Intent to Distribute Controlled Substances, Attempted Possession with Intent to Distribute Controlled Substances, and Conspiracy to Commit Money Laundering.

On July 28, 2020, agents executed approximately 33 search warrants in this District and nine search warrants in the Central District of California. The search warrants resulted in the seizure of multiple kilograms of methamphetamine and heroin, lesser amounts of cocaine, thousands of suspected fentanyl-laced imitation oxycodone pills, nine firearms, and nearly $450,000 in cash.

That same day, agents also arrested 12 of the original 19 indicted defendants, and arrested an additional defendant (Adrian Sims) on probable cause. All but one of these 13 defendants has made an initial appearance in this District. The remaining defendant (Efrain Luna-Rodriguez) appeared in the Central District of California and is scheduled

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to appear in this District on August 18, 2020. Bench warrants are outstanding for the remaining seven defendants named herein.

On August 6, 2020, the Grand Jury returned a Superseding Indictment that amended the conspiracy to include Fentanyl distribution, added Defendant Sims, and included multiple substantive counts related to possession of drugs and firearms. Trial is set for September 21, 2020, with varying pretrial motions dates in August 2020.

The current charges against the 20 defendants in the Superseding Indictment stem from a multi-agency investigation involving the Drug Enforcement Administration (DEA), Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and Internal Revenue Service (IRS). They, together with other state and local law enforcement agencies, have been investigating a drug trafficking organization (DTO) operating in King, Pierce, and Kitsap Counties over more than 18 months. During the investigation, agents conducted thousands of hours of physical and electronic surveillance, secured numerous tracking and search warrants, and ultimately obtained authorization to intercept 21 separate target telephones between September 2019 and June 2020. Agents intercepted nearly all of the defendants named herein (and others) during these authorized periods, with the majority of the intercepted communications occurring in the Spanish language.

## II. DISCOVERY STATUS

Pursuant to 18 U.S.C. § 2518(9), the United States has already turned over the wiretap applications, orders, and related documents to defense counsel. The wiretap pleadings alone amount to more than 2,500 pages of material. Additional discovery—consisting of thousands of pages of pen register/tracking affidavits (and data obtained therefrom), line sheets from the wiretaps, law enforcement reports, audio/video recordings of controlled buys, thousands of hours of mounted surveillance camera footage, and more—is forthcoming. The United States will also be producing audio of the intercepted telephone calls, the majority of which are in the Spanish language. In



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sum, the discovery in this matter will be voluminous. To that end, the parties are exploring the appointment of an external discovery coordinator.

The initial discovery of wiretap applications, orders, and related documents remains under seal. Additionally, the United States intends to seek a Protective Order for some of the forthcoming discovery, particularly that dealing with confidential sources. As a result, counsel will need to review this discovery with their clients in person (in lieu of sending discovery to their clients for review), which may take additional time.

The United States will also need to schedule multiple discovery conference dates with counsel, given both the number of counsel and the number of search warrant sites from which agents seized physical evidence.

## III. TRIAL DATE

The government has raised the issue of a continuance of the trial date with defense counsel as a group. Although most defense counsel who have responded favor moving the trial date out approximately 12 months, we have not heard back from all counsel on their position. Some who have responded take a different position on the length of the continuance.

A continuance of some length is certainly appropriate in this multiple-defendant case. As noted above, discovery in this matter will be voluminous. As the United States produces discovery material to defense counsel, they will need a substantial period to review it, evaluate possible pretrial motions, evaluate dispositions short of trial, and prepare for trial if necessary. There may be substantial pretrial litigation, given the multitude of search warrants executed in this case and the interception of multiple phones over several months. The United States believes all parties need a continuance of the trial date (with a corresponding continuance of the pretrial motions date) to ensure that the ends of justice are met. Given the number of defendants, the length of the investigation, possible motions practice, and the volume of discovery, a continuance of the trial date fits the criteria set forth at 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii) and/or (B)(iv).

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government respectfully submits that a trial date no earlier than September 2021 is realistic in a multi-defendant matter such as this. That being said, the government can and will be ready to try this matter whenever the Court requires it to do so. The government anticipates that some defendants may object to a continuance, or to the length of the continuance. Assuming the Court believes a continuance is necessary and appropriate as to some of the defendants, any such objection by the others is without merit. It is well established that in multi-defendant cases, a reasonable trial continuance as to *any* defendant tolls the Speedy Trial Act period as to *all* joined co-defendants, even those who object to a trial continuance or who refuse to submit a waiver under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6) ("A reasonable period of delay [is excluded] when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."); *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999) ("It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all co-defendants."); *United States v. Daychild*, 357 F.3d 1082, 1090-91 (9th Cir. 2004) (holding that a delay from a grant of trial continuance to one defendant is also excludable time for a joined co-defendant); *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) (same).

//

//

//

//

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The United States thus respectfully moves the Court for a continuance of the trial date in this matter to a date no earlier than September 2021, with a pretrial motions deadline approximately 60 days in advance of the trial date. A proposed Order is presented with this motion.

DATED this 14th day of August 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Amy Jaquette*
AMY JAQUETTE
MARCI L. ELLSWORTH

Assistant United States Attorneys
Telephone: (206) 553-4127
E-mail: amy.jaquette@usdoj.gov
marci.ellsworth@usdoj.gov

UNITED STATES' MOTION TO CONTINUE TRIAL DATE - 6
*United States v. Gomez-Marentes, et al.* / CR20-092 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970